UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULTILIA LEE,  Civil Action No.: 17-12129
  Honorable Laurie J. Michaelson
 Plaintiff Magistrate Judge Elizabeth A. Stafford

v.

COMMISSIONER OF
SOCIAL SECURITY,

 Defendant.

_____/

**REPORT AND RECOMMENDATION ON CROSS-
MOTIONS FOR SUMMARY JUDGMENT [ECF. NOS. 15, 20]**

Plaintiff Paultilia Lee appeals the final decision of defendant Commissioner of Social Security (Commissioner), which denied her application for supplemental security income (SSI) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence and thus **RECOMMENDS** that:

- Lee's motion [ECF No. 15] be **DENIED**;

- the Commissioner's motion [ECF No. 20] be **GRANTED**; and

- the ALJ's decision be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

I.  **BACKGROUND**

   A.  **Lee's Background and Disability Applications**

Born March 12, 1990, Lee was 24 years old on the date of application. [ECF No. 13-2, Tr. 34]. She has no past relevant work. [*Id.*]. Lee claims disability due to diabetes mellitus, hypertension, high cholesterol, depression and intellectual disability. [ECF No. 13-3, Tr. 79].

After a hearing on January 12, 2016, during which Lee and a vocational expert (VE) testified, the ALJ found that Lee was not disabled. [ECF No. 13-2, Tr. 20-64]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [*Id.*, Tr. 1-6]. Lee timely filed for judicial review. [ECF No. 1].

   B.  **The ALJ's Application of the Disability Framework Analysis**

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §1382c(a)(3)(A)..

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. §416.920(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity ("RFC"), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 920(c).

Applying this framework, the ALJ concluded that Lee was not disabled. At the first step, she found that Lee had not engaged in substantial gainful activity since the application date, June 13, 2014. [ECF No. 13-2, Tr. 22]. At the second step, she found that Lee had the severe impairments of "mild intellectual disability, obesity, adjustment disorder with depressed mood." [*Id.*, Tr. 23]. She determined that Lee's diabetes mellitus, hypertension, hyperlipidemia, headaches and history of boil were non-severe impairments. [*Id.*]. Next, the ALJ concluded that none of her impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*, Tr. 22-23].

Between the third and fourth steps, the ALJ found that Lee had the RFC to perform a full range of work at all exertional levels, except that:

> [S]he is unable to climb ladders, ropes and scaffolds; he (sic) is able to perform simple, routine tasks without strict product demands and with occasional verbal or demonstration instruction reminders with the introduction of new tasks; and [she] has the ability to change from seated to standing or vice versa for 1-2 minutes every hour to two hours without interference with work product.

[*Id.*, Tr. 25]. At step four, the ALJ found that Lee did not have past relevant work. [*Id.*, Tr. 34]. At the final step, after considering Lee's age, education, work experience, RFC, and the testimony of the VE, the ALJ determined that there were jobs that existed in significant numbers that Lee could

perform, including positions as packager, assembler, and inspector, rendering a finding that she was not disabled. [*Id.*].

## II. ANALYSIS

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Lee argues the ALJ's step three determination that her impairments do not meet or equal Listing 12.05(C) is not supported by substantial evidence. The Commissioner acknowledges error, but argues that remand is not required because Lee did not show that her impairment meets all the criteria for Listing 12.05(C). The Court agrees, and recommends that the ALJ's decision be affirmed.

## A.

"To satisfy Listing 12.05(C), a claimant must demonstrate: (1) valid verbal, performance, or full scale IQ of 60 through 70; (2) evidence of deficits in adaptive functioning initially manifested before age 22; and, (3) an additional and significant work-related limitation of function." *Ware v. Colvin*, No. 5:13–CV–00991, 2014 WL 584752, at *4 (N.D.Ohio Feb. 12, 2014). A plaintiff "must point to specific evidence that demonstrates he [or she] reasonably could meet or equal every requirement of the listing." *Smith–Johnson v. Comm'r of Soc. Sec.,* 579 F. App'x 426, 432 (6th Cir. 2014)*.* "Absent such evidence, the ALJ does not commit reversible error by failing to evaluate a listing at Step Three." *Id.* at 433.

Here, the ALJ stated at step three that Listing 12.05(C) was not met because Lee "does not have a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional or significant work-related limitation of function." [ECF No. 13-2, Tr. 25]. But Lee had an IQ test when she was 23 year's old that yielded a verbal score of 68 and a full scale score of 62. [ECF No. 13-7, Tr. 217]. The ALJ acknowledged these "valid IQ scores" in a later part of her decision. [ECF No. 13-2, Tr. 27].

6

The ALJ also erred by concluding that Lee did not have a physical or other mental impairment imposing an additional and significant work-related limitation of function. The ALJ found at step two that Lee's obesity and adjustment disorder were severe impairments, and severe impairments equate to an impairment "imposing an additional and significant work-related limitation." [*Id.*, Tr. 23]; *see* 20 C.F.R. Part 404, Subpt P, App'x 1, §12.00(A). While the Sixth Circuit has yet to weigh in on whether a step two finding of an additional impairment is conclusive, "[t]hose circuit courts that have considered the issue have uniformly concluded that, where an ALJ determines, at step two of the sequential analysis, that an impairment is severe, that impairment is sufficient to satisfy the significant limitations requirement of Listing 12.05(C)." *Switzer v. Colvin*, No. 1:13–CV–01919, 2014 WL 2611945, at *9 (N.D. Ohio June 11, 2014) (collecting cases). *See also Crosson v. Colvin*, No. CV 14-13607, 2016 WL 633923, at *3 (E.D. Mich. Feb. 16, 2016), *report and recommendation adopted,* 2016 WL 865742 (E.D. Mich. Mar. 7, 2016) (same).

Thus, the ALJ's analysis of Listing 12.05(C) was flawed. Even so, remand is not warranted because Lee cannot establish that her deficits manifested before age 22. The Sixth Circuit requires that this element be satisfied with definitive evidence. "[W]e generally require a claimant to

meet this requirement through more definite means, such as providing the Commissioner with scores from a test taken prior to the age of 22 or conclusions from an evaluation performed before Plaintiff had turned 22." *Daniels v. Comm'r of Soc. Sec.*, 70 F. App'x 868, 873 (6th Cir. 2003). At a minimum, a claimant must usually demonstrate that she was placed in special education classes or failed to graduate. *See Smith-Johnson*, 579 F. App'x at 436 ("The record evidence in fact shows that Smith–Johnson was not placed in special-education classes in high school and that she graduated high school despite some social difficulties."); *Turner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 492 (6th Cir. 2010) ("Turner was not enrolled in any special education classes in school."). But even evidence of special education classes, poor academic performance, or failure to finish high school are not, alone, sufficient to meet the listing. *Peterson v. Comm'r of Soc. Sec.*, 553 F. App'x 533, 540 (6th Cir. 2014) ("[N]either circumstantial evidence such as school records nor a history of special education combined with an adult IQ score are necessarily enough to demonstrate that a claimant had adaptive functioning deficits before age twenty-two.").[2]

---

[2] While other circuits have found that post-age 22 IQ scores give rise to a rebuttal presumption of the claimant's IQ prior to turning 22, the Sixth Circuit has not held that such a presumption exists, and district courts in

Here, the evidence is insufficient for Lee to establish that she had sub-average intellectual function or deficits in adaptive functioning prior to age 22. Lee was not diagnosed with intellectual disability and no IQ test was administered to her before age 22. She also testified that she was never placed in special education classes and has graduated from high school. [ECF No. 13-2, Tr. 46]. Lee argues that the IQ testing she received at age 23, and the lack of evidence of any significant change in her cognitive abilities, deem it "reasonable to conclude" that she had the required IQ and adaptive functioning deficits before age 22. [ECF No. 15, PageID.468]. But such circumstantial evidence is not enough. *Peterson*, 553 F. App'x at 540. Lee is required to establish with "definite means" that her mental deficiency manifested prior to age 22, *Daniels,* 70 F. App'x at 873, and she has not done so.

In sum, Lee cannot point to specific evidence to establish she suffered from sub-average general intellectual functioning or deficits in adaptive functioning prior to age 22, and thus cannot demonstrate that she reasonably could meet or equal every requirement of Listing 12.05. Absent

---

the circuit have uniformly declined to apply one. *See Burgos-Rivera v. Comm'r of Soc. Sec.*, 2018 WL 1804357, at *4 (N.D. Ohio, April 17, 2018); *Carder v. Comm'r of Soc. Sec.*, 2018 WL 1545710, at * 4 (W.D. Mich., Feb. 22, 2018).

such evidence, the ALJ did not commit reversible error by improperly evaluating Lee under that Listing. See *Smith-Johnson*, 579 F. App'x at 433.

### III. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Lee's motion [ECF No. 15] be **DENIED**; that the Commissioner's motion [ECF No. 20] be **GRANTED**; and that the ALJ's decision be **AFFIRMED.**

Dated: June 11, 2018

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 11, 2018.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager